IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

GREGORY NASH                                            PLAINTIFF

v.                        Case No. 4:15-CV-0301 KGB

SHELLEY HUMPHREY and
CODY A. REESE                                    DEFENDANTS

## ORDER

Before the Court is plaintiff Gregory Nash's motion for leave to proceed *in forma pauperis* (Dkt. No. 1). Mr. Nash has also filed what the Court construes as his complaint (Dkt. No. 2). For the following reasons, the Court dismisses without prejudice Mr. Nash's complaint and denies as moot Mr. Nash's motion for leave to proceed *in forma pauperis* (Dkt. No. 1).

Under 28 U.S.C. §1915(e)(2), "the court shall dismiss the [*in forma pauperis*] case at any time if the court determines that . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). In this case, Mr. Nash's complaint includes an "affidavit of loss" indicating that Mr. Nash claims that his debit card was stolen and that "fraudulent checks [were] deposited into his account through the ATM" (Dkt. No. 2, at 2). Mr. Nash's affidavit of loss indicates that, pursuant to the Uniform Commercial Code of Arkansas, Arvest Bank requested Mr. Nash to sign a statement "as to [his] loss through payment or deposit of check(s)" (*Id.* at 3). The affidavit indicates that the makers of the two checks deposited into his accounts are Cody Reese and Kirk West, respectively, and that Shelley Humphrey is the Notary Public who signed the affidavit.

Mr. Nash's complaint asserts no claim and makes no allegations against Mr. Reese, Mr. West, or Ms. Humphrey. Nonetheless, to the extent that Mr. Nash's complaint makes out any factual allegations, the Court, accepting such allegations as true, finds that Mr. Nash has failed to

state a claim or otherwise indicate a basis in the law on which this Court may grant relief. Moreover, Mr. Nash's complaint indicates no basis for federal court jurisdiction over this action. Therefore, upon a screening of Mr. Nash's complaint pursuant to 28 U.S.C. § 1915, and for the foregoing reasons, the Court dismisses without prejudice Mr. Nash's complaint (Dkt. No. 2). Accordingly, the Court denies as moot Mr. Nash's motion to proceed *in forma pauperis* (Dkt. No. 1).

SO ORDERED this 2nd day of June, 2015.

_____
KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE